IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02410-BNB

SHAUN SANCHEZ,

Plaintiff,

v.

B. CURTIS, and
DIV. OF ADULT PAROLE, DENVER CO,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 8 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Shaun Sanchez, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Kit Carson Correctional Facility. Mr. Sanchez initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated.

The Court must construe the Complaint liberally because Mr. Sanchez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Sanchez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the Complaint, Mr. Sanchez raises two claims. First, he alleges that, during his arrest for a parole violation, Defendant B. Curtis confiscated $630.00 and a cell phone from him. Complaint at 4. He also alleges that he has requested grievances in order to seek the return of his property, but that he has been denied access to grievances forms. *Id.* The Court construes this claim as asserting a due process violation. Second, Mr. Sanchez alleges that Defendant Curtis harassed and verbally assaulted him because of his race. *Id.* at 5.

With regard to the second claim, even though Mr. Sanchez alleges that Defendant Curtis harassed him and used profane and racially discriminatory language, verbal harassment and threats without more do not state an arguable constitutional claim. **See Northington v. Jackson**, 973 F.2d 1518, 1524 (10th Cir. 1992); **Cumbey v. Meachum**, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); **Collins v. Cundy**, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Mr. Sanchez, therefore, fails to state a claim that rises to the level of a constitutional deprivation with respect to his verbal harassment claims against Defendant Sanchez. Accordingly, the second claim will be

2

dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Sanchez also is suing an improper defendant. He may not sue the DOC or its Division of Adult Parole. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988).* "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." ***Ramirez v. Oklahoma Dep't of Mental Health***, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, ***see Griess v. Colorado***, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, ***see Quern v. Jordan***, 440 U.S. 332, 340-345 (1979). Accordingly, Defendant Div. of Adult Parole will be dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court will not address at this time the merits of Mr. Sanchez's due process claim against Defendant B. Curtis. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Claim Two is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Defendant Div. of Adult Parole is dismissed as a party to this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). It is

FURTHER ORDERED that the Clerk of the Court is directed to remove

Defendant Div. of Adult Parole as a party to this lawsuit. The only remaining Defendant is B. Curtis. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 16 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02410-BNB

Shaun Sanchez
Prisoner No. 104518
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/18/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk