FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02410-MSK-KMT

SHAUN SANCHEZ,

     Plaintiff,

v.

B. CURTIS (Parole Officer),

     Defendant.

_____

## OPINION AND ORDER GRANTING MOTION TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss
(**# 17**). No responsive papers have been filed.

The *pro se* Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. He contends
that on August 11, 2009, the Defendant arrested him on a parole violation. At that time, the
Defendant confiscated $ 630 in cash and a cell phone from the Plaintiff, and that that property
was neither accounted for or returned to the Plaintiff. The Court understands this allegation to
assert a single claim for deprivation of property without Due Process, in violation of the 14th
Amendment to the U.S. Constitution.[1]

The Defendant moves to dismiss (**# 17**) the claim, arguing that the Plaintiff fails to state a
Due Process claim because state law provides an adequate post-deprivation remedy – namely,
that the Plaintiff can commence a suit in state court seeking return of his property. In addition,

_____

[1]Senior Judge Weinshienk has previously dismissed the other claim purportedly asserted
by the Plaintiff (**# 6**).

the Defendant contends that he is entitled to qualified immunity, in that he neither states a constitutional claim nor can show that the constitutional right he invokes here was "clearly established" in these particular circumstances at the time of the conduct.

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

In *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984), the Supreme Court addressed a §1983 Due Process claim by an inmate who contended that prison officials purposefully destroyed his personal property while executing a search of his cell. The Court concluded that "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available" *Id.* at 533. The Plaintiff has not alleged that post-deprivation remedies available to him are inadequate, and it would appear that this failure to assert this necessary element of the claim is fatal. In any event, the Defendant has alleged, and the Plaintiff has not disputed, that that Colorado statutory and

common law provide adequate post-deprivation remedies as a matter of law. *Citing* C.R.S. § 24-10-118 (permitting suit in tort against state actors for willful and wanton conduct); *see e.g.* *McCormick v. City of Lawrence*, 253 F.Supp.2d 1172, 1198-99 (D. Kan. 2003) (applying Kansas law). In the absence of a contention by the Plaintiff, either in the Complaint itself or in response to the Defendant's motion, that the post-deprivation remedies available to him are inadequate, he has failed to state a constitutional claim.

Accordingly, the Defendant's Motion to Dismiss (**# 17**) is **GRANTED**. The remaining claim in the Complaint is **DISMISSED**. The Clerk of the Court shall close this case.

Dated this 13th day of August, 2010

BY THE COURT:

Marcia S. Krieger
United States District Judge